(19 P.3d 204)
No. 85,468

In the Matter of the Adoption of D.S.D., a minor child.

Opinion filed March 2, 2001.

*Richard A. Macias*, of Wichita, for appellants adoptive parents.

*Elizabeth Lea Henry*, of Fletcher & Mathewson, P.A., of Wichita, for appellee natural father.

Before GREEN, P.J., BEIER, J., and DAVID PRAGER, Chief Justice Retired, assigned.

GREEN, J.: The adoptive parents of D.S.D. appeal the trial court's order assessing as costs to them a portion of the biological father's attorney fees. On appeal, the adoptive parents argue that the trial court lacked the statutory authority to assess attorney fees against them. We disagree and affirm.

The adoptive parents sought to adopt their grandchild. Although the biological mother executed a consent to the adoption, the biological father objected. Under K.S.A. 59-2136(h), the trial court appointed an attorney to represent the biological father in the proceeding to terminate his parental rights. After a hearing on the matter, the trial court terminated the biological father's parental rights. The order of termination was not appealed by the father and the adoption was finalized. In a post-adoption order, the trial

court assessed as costs a portion of the biological father's attorney fees against the adoptive parents.

The adoptive parents contend that the trial court erred in ordering them to pay attorney fees for the biological father's counsel. A court lacks authority to assess attorney fees under its equitable powers absent statutory authority. *United States Fidelity & Guaranty Co. v. Maish*, 21 Kan. App. 2d 885, 905-06, 908 P.2d 1329 (1995). Here, whether the trial court had the authority to impose attorney fees is a question of law; our review is plenary. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998).

When an indigent parent asserts parental rights in an adoption proceeding, a trial court is required under K.S.A. 59-2136(h) to appoint an attorney to represent the indigent parent. The statute, however, does not specify how the court-appointed attorney is to be compensated. The trial court relied on K.S.A. 59-2134(c) in assessing the indigent father's attorney fees against the adoptive parents. The statute provides that "[t]he costs of the adoption proceedings shall be paid by the petitioner or as assessed by the court." The trial court determined that the fees for the court-appointed attorney may be assessed as costs under this statute.

Absent express statutory authority, attorney fees are not part of costs. See *Wolf v. Mutual Benefit Health & Accident Association*, 188 Kan. 694, 700, 366 P.2d 219 (1961). Attorney fees may be chargeable as costs where specific statutory provisions allow for recovery. See *Allison v. Board of Johnson County Comm'rs*, 241 Kan. 266, 269, 737 P.2d 6 (1987). Examples of legislative enactments which have specifically addressed attorney fees in relationship with costs include K.S.A. 2000 Supp. 61-2709(a) (appeals from small claims court), K.S.A. 2000 Supp. 60-1610(b)(4) (divorce actions), K.S.A. 2000 Supp. 60-2006(a) (motor vehicle negligence cases), and K.S.A. 38-1122 (determination of parentage cases).

Here, although K.S.A. 59-2134(c) does not specifically address attorney fees in relationship with costs, to determine whether the legislature intended attorney fees to be included as costs we must consider the entire act. See *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1321 (1997). We interpret articles

1 and 2 of chapter 59 as general provisions applicable to all cases arising under that chapter, including adoption cases. In support of this reading, we note that several statutes in those articles make specific reference to adoption matters. See K.S.A. 2000 Supp. 59-104(a); K.S.A. 2000 Supp. 59-212(a)(2); K.S.A. 2000 Supp. 59-214.

K.S.A. 2000 Supp. 59-104 provides for docket fees and court costs for those cases filed under chapter 59, including adoption cases. Section (d) of that statute states, in part, that "[o]ther fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute. Other fees shall include, but not be limited to . . . *attorney fees.*" (Emphasis added.)

When K.S.A. 59-2134(c) is read in conjunction with K.S.A. 2000 Supp. 59-104(d), it is apparent the legislature intended that the fees of an attorney appointed to represent an indigent biological parent could be included as costs that may be assessed against a petitioner in an adoption proceeding. As a result, the trial court had the authority to tax the fees of the biological father's court-appointed attorney against the adoptive parents because specific statutory provisions allow for the assessment of such attorney fees as costs.

In further support of this determination, we note that the legislature did not create a provision in the Adoption and Relinquishment Act providing for payment of an indigent parent's court-appointed attorney by the county as suggested by the adoptive parents. Legislative intent for payment of attorney fees by the county in other matters are, however, expressly stated elsewhere in our code. For example, payment of certain attorney fees from the county's general fund is provided in the Kansas Parentage Act, K.S.A. 38-1122 (providing for payment of an indigent party's portion of reasonable fees of counsel and a child's guardian ad litem from the county's general fund); the Kansas Juvenile Offenders Code, K.S.A. 38-1613(b) (providing for payment of court-appointed attorney fees from the county's general fund in juvenile offender cases); and the Kansas Code for Care of Children, K.S.A. 38-1505(e); K.S.A. 38-1511(b) (providing for payment of fees for a child's guardian ad litem or attorney appointed for parents from

the county's general fund). Because the legislature did not specify that the attorney fees of an indigent parent are to be paid by the county and, instead, expressly provided in K.S.A. 2000 Supp. 59-104(d) and K.S.A. 59-2134(c) that attorney fees may be assessed as costs, the trial court had the authority to order the adoptive parents to pay the fees for the biological father's court-appointed attorney.

Affirmed.